1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    Biltmore Associates, L.L.C.,            )    No. 2:05-CV-04220-PHX-FJM
                                             )
10              Plaintiff,                   )    **ORDER**
                                             )
11   vs.                                     )
                                             )
12                                           )
     Twin City Fire Insurance Company, et al.,)
13                                           )
                Defendants.                  )
14                                           )
     _____)
15

16

17                                   **I.**

18          Plaintiff brought this action on behalf of the Visitalk creditors' trust ("Creditors'

19   Trust"), seeking a declaration of its rights under directors and officers liability insurance

20   policies, and alleging that defendants' denial of coverage constituted breach of contract and

21   bad faith.  In an order dated July 21, 2006 (doc. 61), we granted defendants' motions to

     dismiss.
22
            The court has before it motions for attorneys' fees, along with supporting memoranda
23
     and affidavits, brought by defendants Old Republic Insurance Company ("Old Republic")
24
     (docs. 65 and 74), Carolina Casualty Insurance Company ("Carolina Casualty") (docs. 68 and
25
     80), Great American Insurance Company ("Great American") (docs. 69 and 75), Twin City
26
     Fire Insurance Company ("Twin City") (docs. 70, 76-79) and North American Specialty
27

28

Insurance ("North American") (docs. 72 and 81); plaintiff's response and affidavit in support of the same (docs. 82 and 83), and defendants' replies (docs. 84-88).[1]

## II.

A party moving for attorneys' fees must establish that it is eligible and entitled to an award, and that the requested award is reasonable. See LRCiv 54.2(c). A successful party in an action arising out of a contract, including an action alleging an insurer's bad faith, is eligible for an award of reasonable attorneys' fees pursuant to A.R.S. § 12-341.01(A). See Sparks v. Republic Nat'l Life Ins. Co., 132 Ariz. 529, 544, 647 P.2d 1127, 1142 (1982).

We will award fees under A.R.S. § 12-341.01 if consideration of a number of factors favors an award. See Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985). Those factors include (1) whether the unsuccessful party's claim or defense was meritorious; (2) whether the litigation could have been avoided or settled; (3) whether assessing fees would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) whether the legal question was novel; and (6) whether the award would discourage other parties with tenable claims from litigating them. Id. No one particular factor is determinative of whether fees should be awarded, and we will consider all relevant factors in exercising our discretion. Wilcox v. Waldman, 154 Ariz. 532, 538, 744 P.2d 444, 450 (App. 1987). An award of attorneys' fees pursuant to this statute is discretionary in nature, and no presumptions arise in favor of the prevailing party. Associated Indem. Corp., 143 Ariz. at 569, 694 P.2d at 1183. Any award of reasonable fees is to mitigate the burden of litigation and need not "equal or relate to the attorney fees actually paid." A.R.S. § 12-341.01(B).

Various factors bear on the reasonableness of a requested award. See LRCiv 54.2 (c)(3). Those factors include, but are not limited to, the time and labor required of counsel; the novelty and difficulty of the questions presented; the skill requisite to perform the legal

---

[1] This order refers to defendants Old Republic, Carolina Casualty, Great American and North American as the "Excess Carrier Defendants" when these defendants are best addressed collectively.

1   service properly; the preclusion of other employment by counsel because of the acceptance

2   of the action; the customary fee charged in matters of the type involved; whether the fee

3   contracted between the attorney and the client is fixed or contingent; any time limitations

4   imposed by the client or the circumstances; the amount of money, or the value of the rights,

5   involved, and the results obtained; the experience, reputation and ability of counsel; the

6   "undesirability" of the case; the nature and length of the professional relationship between

7   the attorney and the client; awards in similar actions; and any other matters deemed

8   appropriate under the circumstances. Id.

9                                      **III.**

10      Our order dismissing the first amended complaint explained in general terms why

11  plaintiff's bad faith claims failed.  However, in dismissing the request for declaratory relief

12  and the breach of contract claims, we distinguished between the primary insurance policy

13  provided by defendant Twin City and the remaining defendants' excess insurance policies.

14  Although plaintiff's response does not address each defendant's individualized A.R.S. § 12-

15  341.01 argument, we separate our analysis where the distinction is relevant.

16                          A.  Merit of Plaintiff's Claims

17                  1. Claims for Declaratory Relief and Breach of Contract

18      We first turn to the merits of the declaratory relief and breach of contract claims

19  brought against each defendant.  With regard to defendant Twin City, these claims were

20  premised on the contention that Visitalk's losses were covered by Twin City's policy.

21      Visitalk entered into a primary insurance policy with Reliance Insurance Company

22  ("Reliance") on December 15, 1999, but cancelled the policy on July 15, 2000.  Visitalk then

23  entered into an identical policy with Twin City for the period covering July 15, 2000 to

24  December 31, 2001.  In arguing that plaintiff's claims lacked merit, Twin City cites our order

25  granting defendants' motions to dismiss, in which we found in favor of defendants and also

26  noted that plaintiff's claims against Twin City were factually and legally unsound.  See

27  Memorandum of Points and Authorities in Support of Motion of Twin City Fire Insurance

28  for Award of Attorneys' Fees ("Twin City Memorandum") at 8.  The Excess Carrier

1    Defendants contend that plaintiff's claims against them lacked merit because our order

2    dismissed them based on the express language of the defendants' policies and well-

3    established principles of Arizona law.  See, e.g., Memorandum in Support of Old Republic's

4    Motion for Attorneys' Fees ("Old Republic Memorandum") at 3.

5         Our order granting dismissal considered and rejected plaintiff's arguments that

6    defendant Twin City was liable.  We noted that plaintiff failed to support its assertion that

7    Twin City agreed to assume Reliance's liability.  In fact, plaintiff conceded that neither the

8    Twin City nor the Reliance policy stated that Twin City assumed Reliance's liability.  We

9    also stated that the plain language of the Twin City policy and the undisputed timing of the

10   claims precluded plaintiff's requested relief.

11        In arguing that its claims had merit, plaintiff does not specifically address each of its

12   four claims, nor does it differentiate between the claims brought against Twin City and the

13   remaining defendants.  In fact, plaintiff appears to limit its merits discussion to those claims

14   brought against the Excess Carrier Defendants.  See Plaintiff's Combined Opposition to

15   Defendants' Memoranda in Support of Motions Opposition ("Opposition") at 8-9.  Failure

16   to respond to Twin City's motion allows us to find that this factor weighs in Twin City's

17   favor.  See LRCiv 7.2(i).

18        However, even if we construed plaintiff's merits argument to apply to Twin City, we

19   would reach the same conclusion.  Plaintiff contends that its claims had merit because

20   "[f]rom an equitable perspective, the Creditors' Trust [on whose behalf plaintiff brought this

21   suit] had a valid basis to expect coverage."  Opposition at 8.  Plaintiff argues that the Trust's

22   expectation was valid because coverage was denied only as a result of "material changes" to

23   the contracts entered into with the defendants.  Id.  Yet our order granting the motions to

24   dismiss did not find in favor of defendants because of a surreptitious modification to any of

25   the insurance contracts.  Rather, we concluded that the express language of the insurance

26   contracts, all of which were enforceable agreements whose terms both Visitalk and the

27   defendants accepted, precluded plaintiff's relief.

28

An unsuccessful claim is not necessarily one that lacks merit.  However, in persuading us that its losing claims had merit, plaintiff must do more than assert that the Creditors' Trust hoped that defendants' policies would cover its losses.  Given the manner in which we dismissed plaintiff's claims, and plaintiff's failure to persuasively argue that its claims had merit, we find that the claims against Twin City lacked merit.

We next turn to the merits of the claims for declaratory relief and breach of contract plaintiff brought against the Excess Carrier Defendants.  These defendants' duties arose only if Twin City, the primary insurer, was first found liable for coverage.  This conclusion was one we reached by interpreting the express language of the Excess Carrier Defendants' policies and by applying well-established principles of Arizona law.  See Order at 6.  For the reasons stated above, we are unpersuaded by plaintiff's argument that we should find that its claims had merit because of the Creditors' Trust's expectations.  Therefore, we conclude these claims also lacked merit.

2.  Bad Faith Claims

Plaintiff brought two claims for bad faith against each defendant.  The first bad faith claim alleged that defendants improperly refused coverage.  However, we found that this claim failed because each defendant had a reasonable basis for denying benefits because no duty to provide coverage ever arose.  Given our conclusions regarding plaintiff's breach of contract and declaratory relief claims, and plaintiff's unpersuasive merits argument, we necessarily reach the same result here.

Plaintiff's second bad faith claim consisted of no more than conclusory allegations lacking an essential factual predicate, and was therefore also dismissed.  See Order at 7.  Given this claim's inherent weakness, along with plaintiff's unpersuasive merits argument, we also find that this claim lacked merit.

1    In sum, we find that plaintiff's claims against the defendants lacked merit.  Therefore,

2    this factor favors an award of attorneys' fees.[2]

3                    B.  Possibility of Avoiding or Settling the Litigation

4    Defendants argue that plaintiff insisted on pursuing this case without indicating any

5    interest in compromise.  See Twin City's Memorandum at 7; Old Republic's Memorandum

6    at 4.  In contending that litigation could not be avoided, plaintiff asserts that "[t]he stakes

7    were high," and that "[s]ettlement was not possible, given the magnitude of the Underlying

8    Claims, because the litigation was still at the pleading stages."  Opposition at 9.  Plaintiff

9    further argues that settlement was not possible because it "had a duty to the beneficiaries .

10   . . to make a good faith effort to prove coverage."  Id.  However, no party argues that it made

11   good faith attempts at settlement or dispute resolution, and for this reason, we conclude that

12   this factor is neutral.

13                    C.  Potential for Extreme Hardship as Result of Fee Assessment

14   This factor asks whether assessing fees against an unsuccessful party would cause

15   extreme hardship given the parties' relative economic positions.  See Associated Indem.

16   Corp., 143 Ariz. at 571, 694 P.2d at 1185.  "[A]lthough the party requesting fees has the

17   burden of proving his entitlement to an award of fees, the party asserting financial hardship

18   has the burden of coming forward with prima facie evidence of financial hardship."  Woerth

19   v. Flagstaff, 167 Ariz. 412, 420, 808 P.2d 297, 305 (App. 1990).

20   In arguing in favor of an award, defendants contend that plaintiff will suffer no

21   hardship if fees are imposed because the Creditors' Trust has indemnified plaintiff in

22

23   _____

24   [2] The fact that our order dismissing plaintiff's claims declined to decide the arguably
     complex impact of an Insured v. Insured contract provision, see Order at 7 n.4, does not alter
25   our merits conclusion.  Any finding on that issue was not dispositive as plaintiff would still
     have had to overcome the language in the Excess Carrier Defendants' policies that required
26   the primary insurer to be liable for coverage before their duties arose.  To successfully argue
     the merits factor, plaintiff needed to address why asserting that defendants had a duty to
27   provide coverage was a meritorious contention.  As discussed above, plaintiff failed in this
28   regard.

connection with any such award.  <u>See</u> <u>Old Republic Memorandum</u> at 4; <u>Twin City's</u> <u>Memorandum</u> at 7.  Plaintiff does not dispute this assertion, but rather alleges that the hardship analysis should focus on the impact an award would have on the Creditors' Trust, the entity plaintiff identifies as "the real party in interest."  <u>Opposition</u> at 9.  In their replies, defendants argue that even if we refocus our hardship inquiry, we should still find in favor of defendants, as the Creditors' Trust's financial problems are self-inflicted wounds.  <u>See,</u> <u>e.g.</u>, <u>Reply of Old Republic</u> at 6; <u>Reply of Great American</u> at 2.

We are not persuaded that we should look beyond the hardship that plaintiff might endure, and instead examine the hardship that would befall the Creditors' Trust.  Plaintiff cannot meet its burden by simply asserting that our hardship analysis should look to the effect an award would have on an entity that is not a party to this case.  Therefore, due to plaintiff's indemnification agreement, we find that it will not suffer extreme hardship if attorneys' fees are awarded.  As a result, this factor also weighs in favor of defendants.

D.  Whether the Defendants Prevailed with Respect to all Relief Sought

We granted defendants' motions to dismiss in their entirety, and plaintiff does not argue otherwise.  Therefore, this factor favors an award of attorneys' fees.

E.  Novelty of Legal Questions Presented

In its discussion of novelty, plaintiff does not distinguish between the issues raised by its claims against Twin City and those raised by its claims against the remaining defendants. <u>See Opposition</u> at 10-11.  However, the three questions plaintiff describes as novel do not relate to each defendant; two pertain to the claims brought against defendant Twin City, and the remaining question was presented by a motion brought by defendants Great American, Carolina Casualty and Old Republic.  We divide our novelty analysis accordingly.

1.  Twin City

In support of its argument that plaintiff's claims against it were not novel, Twin City notes that this Court "easily disposed of Plaintiff's unsubstantiated theories of recovery." <u>Twin City Memorandum</u> at 7.  Plaintiff contends that this case presented three novel questions, two of which pertain only to Twin City:  (1) whether endorsements that are later

1    added to a policy are incorporated in a complaint alleging coverage under that policy and (2)

2    whether an insurer's agreement is necessary before it can be found to have assumed all of

3    another insurer's coverage obligations.  See Opposition at 10-11.  Further, plaintiff argues

4    that we reached our conclusions on these questions without "citing to controlling authority."

5    Id. at 11.   However, plaintiff characterizes the questions raised in this case, and our

6    adjudication of the case, to its own advantage.  Our conclusions regarding Twin City's duty

7    to provide coverage were premised upon the express language of the applicable contracts.

8    We were able to resolve the coverage issue without resort to authority because the contracts'

9    language precluded plaintiff's claims.  Reframing the questions presented in a convoluted

10   manner cannot convert simple questions into novel ones.  Therefore, plaintiff's claims against

11   Twin City did not raise novel issues.  We find that this factor favors this particular defendant.

12                                    2.  North American

13          In arguing that the issues raised by plaintiff's claims and its motions were not novel,

14   North American contends that the questions presented were answered by well-established

15   authority regarding an excess carrier's duty to provide coverage.  See Defendant North

16   American Specialty Insurance Company's Motion for Award of Attorneys' Fees ("North

17   American Memorandum") at 3.  Plaintiff does not argue that any of the questions presented

18   by its claims against the Excess Carrier Defendants in general, or North American's motions

19   in particular, are novel.  Therefore, its opposition to North American's novelty argument is

20   non-responsive, and we have reason to find that this factor favors North American.  See

21   LRCiv 7.2(i).

22                          3.  Great American, Carolina and Old Republic

23          The remaining defendants argue that plaintiff's claims did not raise novel issues

24   because we relied on well-established principles in granting defendants' motions to dismiss.

25   See Old Republic Memorandum at 4; Memorandum in Support of Carolina Casualty's

26   Motion for Award of Attorneys' Fees ("Carolina Casualty Memorandum") at 3 (adopting Old

27   Republic's A.R.S. § 12-341.01 argument as a whole); Great American Insurance Company's

28   Memorandum in Support of its Motion for Award of Attorneys' Fees ("Great American

1   Memorandum") at 2 (adopting Old Republic's A.R.S. § 12-341.01 argument as a whole).

2   However, both Old Republic and Great American contend that "the case involved other

3   coverage issues including application of the 'insured v. insured' exclusion that had not been

4   addressed by any reported Arizona appellate decision." Old Republic Memorandum at 6;

5   Great American Memorandum at 2.  Carolina Casualty contends that "the issues presented

6   in this case were, in fact, novel and difficult."  In their replies, Old Republic and Great

7   American attempt to limit the impact of their previous statements, arguing that the only novel

8   issue in the case was not a dispositive one. See Reply of Old Republic at 4; Reply of Great

9   American at 2.

10          With regard to the questions raised by the claims brought against these defendants,

11  the only one plaintiff characterizes as novel is the Insured v. Insured exclusion.  See

12  Opposition at 10-11.[3]  Old Republic's attempt to argue that this factor weighs in their favor

13  is unpersuasive.  Old Republic contends that where dispositive issues do not present novel

14  questions, the *case* does not present novel questions, even where novel issues are presented

15  but remain unadjudicated.

16          Yet the sole case Old Republic cites in support of this proposition stands for an

17  entirely different principle.  See Old Republic Memorandum at 4 (citing Potter v. U.S.

18  Specialty Ins. Co., 209 Ariz. 122, 98 P.3d 557 (App. 2005).  Potter holds that if a dispositive

19  issue has been considered by other jurisdictions, the lack of controlling Arizona authority

20  does not convert the case into one that presents a novel legal question.  See Potter, 209 Ariz.

21  at 125, 98 P.3d at 560.  Potter does not address the resolution of the novelty factor where

22  dispositive issues are not novel, but those left undecided by a court are.  Furthermore, the

23  application of the distinction between a debtor and a debtor in possession in the context of

24  _____

25          [3]  We limit our discussion of this issue to the three defendants who raised it in their
    joint motion to dismiss.  See Joint Motion to Dismiss by Defendants Great American,
26  Carolina and Old Republic Re: The Insured v. Insured Exclusion (doc. 18).  Plaintiff's
    opposition to this motion did not contend that the questions presented by the Insured v.
27  Insured exclusion pertained to the two defendants who did not raise it.  See Plaintiff's
    Opposition to Defendants' Motions to Dismiss (doc. 43) at 10-12.
28

- 9 -

1    an Insured v. Insured exclusion was not merely an ambiguous issue no Arizona court had
2    decided.    Instead, we characterized it as "complex," and one that "has yielded varying
3    results" throughout several jurisdictions.  See Order at 7 n.4.

4          We agree with plaintiff that the application of the "Insured v. Insured" contract
5    provision within the context of a debtor v. debtor in possession distinction is complex and
6    novel.  We are also persuaded by plaintiff's argument that defendants cannot both contend
7    that (1) they are entitled to fees under A.R.S. § 12-341.01 because the case *did not* present
8    novel questions, and (2) that for purposes of LRCiv 54.2 (c)(3) their fees are reasonable
9    because the case *did* present novel questions.  The claims against Great American, Carolina
10   and Old Republic raised a novel question.  Therefore, in analyzing these defendants' motions
11   for attorneys' fees, we find that this factor weighs in favor of plaintiff.

12                  F.  Whether an Award would Deter the Filing of Tenable Claims

13         One purpose of A.R.S. § 12-341.01(A) is to notify parties with untenable claims that
14   if they pursue those claims, attorneys' fees awards are a risk they must consider before filing.
15   See All-Way Leasing v. Kelly, 182 Ariz. 213, 218-19, 895 P.2d 125, 130-31 (App. 1994).

16         In arguing that an award in this case would not discourage parties with tenable claims
17   from litigating them, defendants contend that an award here would only discourage untenable
18   claims.    See, e.g., Twin City Memorandum at 7; Old Republic Memorandum at 5.    In
19   response, plaintiffs argue this factor weighs against an award, because public policy favors
20   "protecting the interests of creditor entities" and disfavors awarding fees to parties who have
21   obtained "something of a windfall."  Opposition at 6-7.

22         Plaintiff's first argument suggests that we should not award fees because an award
23   would detrimentally affect the assets of a "court supervised creditor entity," the Creditors'
24   Trust.  Id. at 7.  Plaintiff further asserts that a judgment against the Creditors' Trust would
25   usurp the "powers and duties" belonging exclusively to another court.    See id. (citation
26   omitted).  We reject the implication that we lack the authority to impose an attorneys' fees
27   award.  Rule 54(d)(2), Fed. R. Civ. P. and LRCiv 54.2.  Plaintiff fails to explain why an
28   award in this case would act as a deterrent.

1    Plaintiff's second argument contends that defendants' success in this case was a result
2    of a technical change in coverage, and that awarding fees would give defendants a windfall.
3    They also state that our conclusion that no duty to provide coverage arose allowed the excess
4    insurers to "evade" coverage.  Opposition at 8.  However, we note that we dismissed
5    plaintiff's claims not because of a technicality.  Rather, we interpreted the express language
6    of contracts all parties assented to, along with well-established principles of law, to find in
7    favor of defendants.  An award under these circumstances does nothing to discourage
8    litigants with tenable claims, but assures potential litigants that the law will be enforced.

9    For these reasons, we conclude that an award of attorneys' fees would not deter
10    tenable claims, and that this factor favors defendants.

11    Furthermore, the overall balance of factors weighs heavily in favor of awarding fees
12    to each defendant.

13    IV.

14    Fee shifting under A.R.S § 12-341.01(A) is limited to "reasonable attorney fees."  The
15    award is to mitigate the burden of litigation and need not equal or relate to the fees actually
16    paid or contracted.  A.R.S. § 12-341.01(B).  These are important constraints.  For while a
17    client may be willing to incur fees in a certain amount, the question of whether to shift those
18    fees to the non-prevailing party raises very different issues.  For example, a client may be
19    willing to pay fees for duplicate work.  Or, a client may be willing to pay fees at a rate that
20    is not consistent with community norms.  Or, a client may be willing to hire more than one
21    law firm to do the same work.  The statute's limitation to reasonable fees means that
22    generally the consequences of these sorts of decisions are not to be shifted to the non-
23    prevailing party.  LRCiv 54.2(d)(4) sets forth the requirements and the factors we consider
24    in assessing both the reasonableness of a rate and the reasonableness of the time spent on a
25    matter.  The "comparable prevailing community rate" is an important factor.  LRCiv
26    54.2(d)(4)(B).

27    The non-prevailing party must file a responsive memorandum which identifies "with
28    specificity all disputed issues and each disputed time entry."  LRCiv 54.2(f).  Here, plaintiff

1  does not "contest the procedural sufficiency" of defendants' submission. Opposition at 11.

2  Instead, plaintiff contests the overall reasonableness of the sum of the defendants' requests.

3  Having failed to identify with specificity those portions of defendants' submissions to which

4  it has specific objection, we will examine defendants' requests in only a general way.

5       Twin City seeks fees in the amount of $52,241.00 for a successful motion to dismiss.

6  Twin City used both a Los Angeles law firm and a Phoenix law firm.  The proposed Los

7  Angeles hourly rates, from $240.00 per hour to $440.00 per hour, are not consistent with the

8  comparable prevailing community rate.  While Twin City may choose to use Los Angeles

9  counsel for Arizona litigation, it cannot expect to shift the expense of that to the non-

10  prevailing party.  Based upon all the affidavits submitted in support of all of the applications

11  in this litigation, the comparable prevailing community rate is in the range of  $200.00 to

12  225.00 per hour.  Moreover, this case was disposed of on a motion to dismiss.  No motion

13  to dismiss should incur fees in the amount of $52,241.00.  One could have tried the case for

14  that.  A.R.S. § 12-341.01(B) expects fee shifting to mitigate the burden in a  way that need

15  not equal or relate to the fees actually paid.  In our discretion, we GRANT Twin City's

16  motion for an award of attorneys' fees in the amount of $25,000.00 (doc. 70).

17       Carolina Casualty seeks fees in the amount of $58,124.00.  Over $10,000.00 of those

18  fees were incurred before the complaint in this case was filed.  Old Republic incurred fees

19  during the same period, but only in the amount of $1,395.00.  Carolina Casualty, Old

20  Republic, and Great American filed a joint motion and were similarly situated.  Additionally,

21  Carolina Casualty adopted Old Republic's breach of contract, bad faith, and attorneys' fees

22  eligibility arguments.  As a whole, Carolina Casualty overstaffed this case, and work was

23  unnecessarily duplicated.  It used both Chicago and Phoenix counsel.  In our discretion, we

24  thus GRANT Carolina Casualty's motion for an award of fees in the amount of $17,500.00

25  (doc. 68).

26       Great American seeks fees in the amount of $7,513.50.  It used local counsel at the

27  prevailing community rate and did not duplicate the work of others.  Accordingly, Great

28  American's motion for an award of fees is GRANTED in the amount of $7,513.50 (doc. 69).

1    Old Republic seeks fees in the amount of $26,167.50.  It used local counsel at the

2  prevailing community rate.  In our discretion under A.R.S. § 12-241.01(B), we GRANT Old

3  Republic's motion for an award of fees in the amount of $20,000.00 (doc. 65).

4    Finally, North American seeks fees in the amount $18,552.09.  North American used

5  local counsel at the prevailing comparable community rates.  Accordingly, North American's

6  motion for an award of fees is GRANTED in the amount of $18,552.09 (doc. 72).

7    DATED this 12th day of February, 2007.

8

9    _Frederick J. Martone_

10    Frederick J. Martone
        United States District Judge