**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Biltmore Associates, L.L.C., as Trustee of the Visitalk Creditors' Trust,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Twin City Fire Insurance Company, et al.,<br><br>　　　　　Defendants. | No. 2:05-CV-04220-PHX-FJM<br><br>**ORDER** |

On February 13, 2007, we granted defendants' motions for attorneys' fees. See February 13, 2007 Order (doc. 89). The thirteen documents since filed concern the parties' dispute over the caption of the judgment on the attorneys' fees order.

The court has before it defendant Old Republic's "Notice of Lodging Proposed Form of Judgment Relating to Attorneys' Fees" (doc. 90) and proposed judgment (attached as an exhibit to doc. 90); plaintiff's "Notice of Lodging Proposed Judgment Relating to Attorneys' Fees and Motion in Support Thereof" ("Plaintiff's Motion") (doc. 92) and proposed judgment (attached as an exhibit to doc. 92); defendant Twin City's "Memorandum of Points and Authorities in Opposition to Plaintiff Biltmore Associates, L.L.C.'s Notice of Lodging Proposed Judgment Relating to Attorneys' Fees; Request for Further Award of Attorneys' Fees Under A.R.S. § 12-341.01" ("Twin City Opposition") (doc. 94); defendant Old Republic's response to plaintiff's motion (doc. 97); plaintiff's reply to Twin City's opposition

(doc. 100); plaintiff's reply to Old Republic's response (doc. 101); defendant Old Republic's motion for leave to file sur-reply to plaintiff's reply to Old Republic's response (doc. 102) and proposed sur-reply (doc. 103).[1]  For the reasons stated below, we conclude that plaintiff is liable for defendants' attorneys' fees, regardless of the judgment's caption.[2]  We also conclude that Twin City is not entitled to additional attorneys' fees.

**I.**

Old Republic's proposed judgment identifies plaintiff as "Biltmore Associates, L.L.C.," whereas plaintiff's proposed judgment identifies plaintiff as "Biltmore Associates, L.L.C., as Trustee of the Visitalk Creditors' Trust."  Plaintiff argues that we should adopt its version of the caption because "the Creditors' Trust, not Biltmore Associates, LLC, is liable for any judgment assessed against Plaintiff in this matter." Plaintiff's Motion at 2.  Twin City contends that plaintiff's motion is a veiled request for reconsideration of our February 13, 2007 attorneys' fees order, and should be denied pursuant to LRCiv 7.2(g).  See Twin City Opposition at 2-3.  Alternatively, Twin City alleges that plaintiff is liable even though it brought this action in its capacity as trustee of the Creditors' Trust.  Id. at 4-5.  Plaintiff replies that its motion merely proposes a more accurate caption.  Reply to Twin City Opposition at 2.  However, plaintiff also contends that its liability was never adjudicated in our prior orders, and should not be addressed.  Alternatively, plaintiff contends that "in Arizona a trustee is not personally liable for judgments and obligations incurred toward third parties on behalf of the trust."  Id.

---

[1] Carolina Casualty joins Old Republic's notice (doc. 91), Twin City's opposition (doc. 95), and Old Republic's response (doc. 99); Great American joins Twin City's opposition (doc. 96), and North American joins Twin City's opposition and Old Republic's response (doc. 98).

[2] This order's caption identifies plaintiff as Biltmore Associates, L.L.C., as Trustee of the Visitalk Creditors' Trust, and is consistent with the caption on most of the documents filed in this case.  Therefore, we grant plaintiff's motion to the extent that it requests that it be identified in this manner.  However, accepting plaintiff's proposed caption does not alter our conclusion that plaintiff is liable for defendants' attorneys' fees.

1  Old Republic also argues that plaintiff is liable, and requests that we include a
2 statement in the text of our judgment that "Biltmore is personally liable for payment of the
3 attorneys' fees awarded in connection with this judgment." Old Republic Response at 5.
4 Plaintiff replies that pursuant to a non-recourse clause in a Liquidating Trust Agreement
5 approved by a bankruptcy court, defendants have no recourse against plaintiff, and
6 alternatively, because plaintiff serves as the Creditors' Trust's liquidation trustee, it may not
7 be held liable. Reply to Old Republic Response at 2.
8  The authority plaintiff cites in support of its argument that it is not liable for attorneys'
9 fees is either distinguishable from the facts of this case, or non-binding. However, the
10 Liquidating Trust Agreement ("Creditors' Trust Agreement") plaintiff entered into with
11 Visitalk does bolster plaintiff's contention that "there can be **no personal recourse** against
12 Plaintiff for any indebtedness arising from any activity conducted on behalf of the Creditors'
13 trust." Reply to Old Republic Response at 3 (emphasis in original). For example, the
14 Creditors' Trust Agreement provides that liability incurred by the trustee for any purpose
15 authorized by the agreement will be enforceable only against the trust. See Creditors' Trust
16 Agreement at 22-23, Affidavit of Michael F. Perlis in Support of the Motion of Twin City
17 Fire Insurance Company for Award of Attorneys' Fees ("Perlis Affidavit") (doc. 77), Exhibit
18 C. Also, it states that the Creditors' Trust will indemnify plaintiff against any judgment
19 incurred by plaintiff on the trust's behalf. See id. at 22. An order entered in the Visitalk
20 Chapter 11 proceedings authorizes, approves and confirms the terms of that agreement. See
21 Bankruptcy Court Order, Perlis Affidavit, Exhibit D.
22  Although the Creditors' Trust Agreement suggests that plaintiff is not *ultimately* liable
23 for any judgment incurred on the trust's behalf, it does not authorize us to overlook plaintiff's
24 participation in this case. Entering judgment against the Creditors' Trust would eviscerate
25 one of the goals of A.R.S. § 12-341.01(A): notifying parties with untenable claims that if
26 they pursue those claims, attorneys' fees awards are a risk they must consider before filing.
27 See All-Way Leasing v. Kelly, 182 Ariz. 213, 218-19, 895 P.2d 125, 130-31 (App. 1994).
28 By suing defendants, plaintiff assumed the duty of assessing the viability of the Creditors'

1 Trust's claims.  Plaintiff should have recognized that the likelihood of success was low, and
2 therefore, the likelihood of paying defendants' fees was high.  The Creditors' Trust
3 Agreement's promise of indemnification does not shield plaintiff from the liability that
4 accompanies the bringing of meritless claims.

5       Moreover, plaintiff cannot avoid liability by insisting upon a particular caption.
6 Rather, as the terms of the Creditors' Trust Agreement suggest, after judgment enters in this
7 case, plaintiff may thereafter seek indemnification.  See Creditors' Trust Agreement at 22
8 (providing that the trust "will promptly advance any legal fees and expenses incurred" on
9 behalf of the Creditors' Trust, and "reimburse" any claim for which the trustee is entitled to
10 seek indemnification).  The fact that plaintiff seeks to avoid judgment suggests that it is
11 concerned that it will be unable to enforce the  indemnification clause.  However, the
12 likelihood of securing indemnification is another risk plaintiff should have considered before
13 bringing this suit.  It is not a risk that plaintiff may shift to defendants.

14       Finally, fees awarded pursuant to A.R.S. § 12-341.01(A) are assessed against the
15 unsuccessful party to the litigation . See Associated Indem. Corp. v. Warner, 143 Ariz. 567,
16 570, 694 P.2d 1181, 1184 (1985).  Fees are not assessed against entities that are not parties
17 to the case in which fees are awarded. We granted defendants' motions to dismiss plaintiff's
18 Amended Complaint.  In this case, plaintiff is the unsuccessful party, and is therefore the
19 entity liable for defendants' fees.[3]

**II.**

21 Defendant Twin City moves for an additional $2,592.50 in attorneys' fees incurred in
22 preparing its opposition to plaintiff's motion.  See Twin City Opposition at 5.  Defendant
23 Twin City's counsel spent "in excess of 8.5 hours" on the issues raised by plaintiff's motion,
24 at a rate of $305.00 per hour.  Declaration of Avi Wagner, Twin City Opposition.  Given the

---

[3] Although our attorneys' fees order did not expressly state that plaintiff was liable, by concluding that plaintiff was the unsuccessful party in this case, we implied as much. Therefore, to the extent that plaintiff moves for reconsideration of our February 13, 2007 order, we deny it pursuant to LRCiv 7.2(g).

- 4 -

1    nature of the parties' dispute, this is an unreasonable request.  Plaintiff's motion did not
2    require a lengthy response, and the question it presented was neither novel nor difficult.
3    Furthermore, we already concluded that the comparable prevailing community rate "is in the
4    range of $200.00 to $225.00 per hour," and that Twin City that may not shift the expense of
5    retaining counsel that billed above that rate to the non-prevailing party.  See February 13,
6    2007 Order at 12.  In our February 13, 2007 order, we awarded defendant Twin City $25,000
7    in fees.  No additional fees are warranted.  In our discretion, we deny Twin City's motion for
8    an award of fees in the amount of $2,592.50.

9    **THEREFORE, IT IS ORDERED GRANTING IN PART AND DENYING IN
10   PART** plaintiff's "Notice of Lodging Proposed Judgment Relating to Attorneys' Fees and
11   Motion in Support Thereof" (doc. 92)[4] and it **IS FURTHER ORDERED DENYING** "Twin
12   City Fire Insurance Company's Memorandum of Points and Authorities in Opposition to
13   Plaintiff Biltmore Associates, L.L.C.'s Notice of Lodging Proposed Judgment Relating to
14   Attorneys' Fees; Request for Further Award of Attorneys' Fees Under A.R.S. § 12-341.01"
15   (doc. 94).  **IT IS ALSO ORDERED DENYING** on grounds of mootness defendant Old
16   Republic's request that we include a statement in the text of our judgment that "Biltmore is
17   personally liable for payment of the attorneys' fees awarded in connection with this
18   judgment" (doc. 97) and defendant Old Republic's motion for leave to file sur-reply to
19   plaintiff's reply to Old Republic's response (doc. 102).  Finally, **IT IS ORDERED** that the
20   clerk enter judgment in favor of defendants, and against plaintiff Biltmore Associates,
21   L.L.C., as Trustee of the Visitalk Creditors' Trust, in the amounts specified in our February
22   13, 2007 Order (doc. 89).

23           DATED this 10th day of May, 2007.

25           _____
                     Frederick J. Martone
26                   United States District Judge

---

28       [4]  We grant plaintiff's motion only to the extent described supra in n.2.

- 5 -