**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Biltmore Associates, L.L.C., as Trustee of the Visitalk Creditors' Trust,

Plaintiff,

vs.

Twin City Fire Insurance Company, et al.,

Defendants.

No. 2:05-CV-04220-PHX-FJM

**ORDER**

The court has before it plaintiff's "Rule 62 Motion for Stay of Attorneys' Fees Judgment During Appeal" (doc. 109), defendant Twin City Fire Insurance's response (doc. 111), Old Republic Insurance's response (doc. 118), and plaintiff's reply (doc. 128).[1]

Plaintiff moves for a stay pursuant to Rule 62(d), Fed. R. Civ. P., see Motion for Stay at 1, which provides for an automatic stay once an appellant posts a supersedeas bond. Fed. R. Civ. P. 62(d). Plaintiff has not posted a bond, but nevertheless argues that a stay is warranted. First, plaintiff contends that four factors, including its likelihood of success on the merits, justify a stay. Motion for Stay at 4-5 (citing United States v. Baylor University Medical Center, 711 F.2d 38, 39 (5th Cir. 1983)).

---

[1] Defendants North American, Carolina Casualty and Great American filed joinders (docs. 120, 122 and 131) in support of Twin City and Old Republic's responses.

Baylor's four-factor analysis determines whether an appellate court will stay a district court's order pursuant to Rule 8(a), Fed. R. App. P. See 711 F.2d at 39. The same factors regulate the issuance of a Rule 62(c), Fed. R. Civ. P. stay. See Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119 (1987). However, a Rule 62(c) stay is available only when "an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction." Fed. R. Civ. P. 62(c). In the injunctive setting, we have discretion to "suspend, modify, restore, or grant an injunction during the pendency of the appeal." Id. Plaintiff's arguments premised upon factors relevant to Rule 62(c), Fed. R. Civ. P., see Motion for Stay at 3-8, are inapposite for purposes of Rule 62(d).[2] When a money judgment is involved, one gets a stay by posting a bond.

Therefore, we address whether we should waive Rule 62(d)'s bond requirement in order to grant a stay. The posting of adequate security other than a bond may waive the supersedeas bond requirement. See United States v. Boyce, 148 F. Supp. 2d 1069, 1096 (D. Cal. 2001) (citing Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1367 (9th Cir. 1991)). Plaintiff has offered no substitute security.

Alternatively, waiver is appropriate upon consideration of the following criteria: " '(1) the complexity of the collection process; (2) the amount of time required to [collect] a judgment after it is affirmed on appeal;[3] (3) the degree of confidence that the district court

---

[2] We also reject plaintiff's contention that an alleged conflict of interest gives us reason to stay the judgment. Plaintiff, trustee of the Visitalk Creditors' Trust, would like to waive its appeal "in exchange for Defendants waiving execution of the judgment." Motion for Stay at 9. Despite an agreement providing for plaintiff's indemnification, the Trust has more liabilities than it does assets, and cannot indemnify plaintiff if the attorneys' fees judgment is executed. Id. Nevertheless, the Creditors' Trust wants to pursue the appeal. Id. Plaintiff had a duty to evaluate the Trust's ability to provide indemnification. Plaintiff cannot remedy its failure to properly evaluate the risks of litigation by penalizing defendants.

[3] In certain circumstances, the procedure for collecting a judgment is so cumbersome that actual collection is delayed for a significant period of time. See, e.g., Lightfoot v. Walker, 797 F.2d 505, 506 (7th Cir. 1986). There, waiver is inappropriate.

has in the availability of funds to pay the judgment; (4) whether the [plaintiff's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the [plaintiff] is in such a precarious financial position that the requirement to post a bond would place other creditors of the [plaintiff] in an insecure position.' " Id. (citing Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)).

The posting of a bond is itself "a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979). Accordingly, to depart from "the usual requirement of a full security supersedeas bond" the moving party must "demonstrate the reasons for such a departure." Id.

Plaintiff has failed to show that any relevant factor favors a waiver. We first note that we know nothing about plaintiff's ability to satisfy the judgment. Plaintiff has failed to offer any evidence of its financial condition. That plaintiff has "little expenses remaining in the appeal," see Motion for Stay at 11, does not demonstrate that plaintiff's "ability to pay the judgment is so plain that the cost of a bond would be a waste of money," see Boyce, 148 F. Supp. 2d at 1096. Plaintiff also contends waiver is appropriate because the "average time from filing [an appeal with the Ninth Circuit] to final disposition" is 15.7 months. See Motion for Stay at 12. This is not the relevant focus under Boyce. See 148 F. Supp. 2d at 1096.

Plaintiff was entitled to an automatic stay, but declined to post a bond. "The posting of a bond protects the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988). Absent any persuasive argument that the bond should be waived, we will not stay an unsecured judgment.[4]

---

[4] Because we reject plaintiff's arguments that are only relevant in the injunctive setting, we do not decide whether plaintiff is likely to succeed on the merits. However, we do note that plaintiff has failed to address the important difference between this case and Metcalf v. Golden (In re Adbox, Inc.), 488 F.3d 836 (9th Cir. 2007). Adbox addresses

**THEREFORE, IT IS ORDERED DENYING** plaintiff's "Rule 62 Motion for Stay of Attorneys' Fees Judgment During Appeal" (doc. 109).

DATED this 22nd day of August, 2007.

Frederick J. Martone
United States District Judge

---

"whether the trustee is an 'opposing party' when he has brought a preference action that belongs to the bankruptcy estate and not to the debtor, but the counterclaim alleges causes of action that could have been brought against the debtor prior to its bankruptcy filing." Id. at 840. If the counterclaim "alleges causes of action that could have been brought against the debtor prior to its bankruptcy filing," then the counterclaim should be brought against the debtor, not the trustee. Id. at 840. Accordingly, "*under the allegations of the . . . counterclaim, the trustee was not an 'opposing party' within the meaning of Rule 13.*" Id. at 841 (emphasis added). Adbox does not alter our conclusion that plaintiff, a trustee, is the *unsuccessful party* for purposes of the attorneys' fees judgment.